UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLES,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:20-cv-1905 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    I.    <u>Application to Proceed In Forma Pauperis</u>

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.  Complaint

The complaint alleges that defendants California Department of Corrections and Rehabilitation (CDCR) and CDCR Secretary Diaz violated plaintiff's rights under the Eighth, Fifth, and Fourteenth Amendments. ECF No. 1; ECF No. 9 at 2. Specifically, plaintiff alleges that he is determinately sentenced and had an established earliest possible release date of November 1, 2020. ECF No. 1 at 4. However, defendants improperly interpreted title 15, section 3491(b)(3)[1] of the California Code of Regulations to include a prior, out-of-state misdemeanor conviction, resulting in plaintiff's earliest possible release date being extended by four years to November 1, 2024. Id. at 4-5, 7. Plaintiff seeks declaratory and injunctive relief in the form of repeal of § 3491(b)(3), expedited parole consideration, and in the event he is granted parole, that his certificate of discharge reflect his day of release as August 9, 2020.

IV.  Failure to State a Claim

As an initial matter, plaintiff's claims appear to be moot. On December 28, 2020, the

---

[1] Section 3491(b)(3) "exclude[d] from nonviolent offender parole consideration any inmate who 'is convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in Sections 290 through 290.024 of the Penal Code.'" In re Gadlin, 10 Cal. 5th 915, 919 (2020) (quoting Cal. Code Regs. tit. 15, § 3491(b)(3)).

3

California Supreme Court found that § 3491(b)(3) violated the California Constitution, In re Gadlin, 10 Cal. 5th at 943, and it was subsequently repealed. Furthermore, the CDCR's inmate information page reflects that plaintiff received a nonviolent offender parole review on May 28, 2021, and was denied release.[2] However, even if plaintiff's claims are not moot, they fail to state a claim for the reasons outlined below.

Plaintiff cannot maintain a due process claim based on denial of early parole consideration, because he has no protected property interest in parole. There is no right under the United States Constitution to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. See Fernandez v. Nevada, No. 3:06-CV-00628 LRH-RAM, 2009 WL 700662, at *10, 2008 U.S. Dist. LEXIS 131876, at *23 (D. Nev. Mar. 13, 2009). "And where there is no liberty interest in parole eligibility or parole, there can be no due process violation." See id. (citations omitted).

Whether § 3491(b)(3) is being improperly construed, and whether it should include a prior, out-of-state misdemeanor conviction, are questions of California law. Accordingly, they are not reviewable by this court. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process). Plaintiff's due process claim therefore is not cognizable.

To the extent that plaintiff may also be attempting to make an equal protection claim, it also fails as a matter of law because it does not violate equal protection for a parole eligibility scheme to distinguish among categories of offenses or offenders. Such distinctions need be supported only by a rational basis. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985) (legislation is presumed to be valid and will be sustained if the classification drawn by the

---

[2] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

statute is rationally related to a legitimate state interest). There is a rational basis for statutory differences related to parole for sex offenders. See Glauner v. Miller, 184 F.3d 1053, 1054 (9th Cir. 1999) ("It cannot be said that the Nevada legislature lacked a rational basis for requiring more scrutiny of sexual offenders in parole matters than other classes of criminals due to heightened recidivism concerns." (citation omitted)).

Although plaintiff has filed a supplement in which he states that he intended Claim II to be a claim for violation of his Fifth Amendment rights, ECF No. 9 at 2, it is unclear how plaintiff believes his Fifth Amendment rights were violated, nor can the court identify a plausible Fifth Amendment issue presented by plaintiff's allegations.

Finally, the facts do not and cannot support a substantive Eighth Amendment challenge to plaintiff's sentence. Plaintiff cites no authority suggesting that the Eighth Amendment is implicated by the denial of parole, and the court is aware of none. Moreover, as the Eighth Amendment does not bar a life sentence for crimes significantly less serious than "'white collar' financial crimes," see, e.g., Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (upholding consecutive terms of 25 years to life for recidivist convicted of petty theft), there would be no Eighth Amendment violation based on a parole denial even if the result were life incarceration.

V.    No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Because plaintiff cannot state a claim as a matter of law, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

////

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. It is being recommended that your complaint be dismissed without leave to amend because it appears that you have already received the relief you seek and because you do not have any federal constitutional right to early parole consideration.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE