UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:20-cv-01905-TLN-AC<br><br>**ORDER** |

Plaintiff, a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 4, 2021, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. (ECF No. 11.) Plaintiff has filed objections to the findings and recommendations, (ECF No. 14), as well as a first amended complaint, (ECF No. 15).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper

1

analysis. Plaintiff's amended complaint does nothing to convince the Court that leave to amend would not be futile. As an initial matter, the amended complaint fails to identify any proper defendants. With respect to Plaintiff's claims, the first claim appears to challenge Plaintiff's denial of parole and allege discrimination based on his classification as a sex offender. (ECF No. 15 at 29–34.) Plaintiff's equal protection claim was addressed in the June 4, 2021 Findings and recommendation, (ECF No. 11 at 4–5), and his attempt to renew the claim fails for the same reasons. As for the due process claim, the protection afforded to California parole decisions consists solely of the "minimum" procedural requirements set forth in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979). *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Id.* (citing *Greenholtz*, 442 U.S. at 16). In this case Plaintiff was clearly provided both, since he has attached to the complaint the notice advising that he had thirty days to provide a statement as to why he should be released, indicating that he was provided an opportunity to be heard, (ECF No. 15 at 206), and the statement of reasons why his parole was denied, (*id.* at 200-02).

Plaintiff's second claim appears to be based on his living conditions and medical care while housed at the California Institute for Men. *Id.* at 34–39. Even if Plaintiff were able to state a claim for relief against specifically identified individuals, venue would not be proper in this court because the claims arose in San Bernardino County, which is in the Central District of California. *See* 28 U.S.C. § 1391(b) (venue statute).

Finally, the third claim appears to allege that Plaintiff's right to due process was violated with regard to the administrative grievance process. (ECF No. 15 at 39-42.) However, Plaintiff has no claim for the "loss of a liberty interest in the processing of his appeals . . . because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 4, 2021, ECF No. 11, are ADOPTED IN

FULL;

2. The complaint is DISMISSED without leave to amend for failure to state a claim;

3. The Clerk of Court is directed to close the case.

DATED: July 14, 2021

_____
Troy L. Nunley
United States District Judge