UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW VALLES,<br><br>　　　　Plaintiff-Appellant,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and RALPH DIAZ, Secretary,<br><br>　　　　Defendants-Appellees, | No. 2:20-cv-01905-TLN-AC<br><br>Ninth Circuit Case No. 21-16290<br><br>**ORDER FINDING APPEAL FRIVOLOUS AND REVOKING IN FORMA PAUPERIS STATUS** |

　　This is a closed federal civil rights action. Plaintiff Andrew Valles ("Plaintiff"), a current state prisoner, appeals to the Ninth Circuit Court of Appeals this Court's dismissal of his action without leave to amend. The Ninth Circuit referred the matter to this Court for a determination of whether Plaintiff's *in forma pauperis* ("IFP") status "should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (ECF No. 22.) The Court determines that Plaintiff's IFP status should not continue.

　　"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The test for allowing an appeal *in forma pauperis* is easily met . . . [t]he good faith requirement is satisfied if the [appellant] seeks review

of any issue that is 'not frivolous.' " *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (noting that an appeal is taken in "good faith" if it seeks review of "non-frivolous" issues and holding that if at least one issue or claim is non-frivolous, the appeal must proceed IFP as a whole).  An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, the term "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

As thoroughly detailed by the magistrate judge in the June 4, 2021 findings and recommendations and subsequently adopted by this Court on July 15, 2021, Plaintiff's complaint was frivolous.  (ECF No. 16 (adopting in full the findings and recommendations at ECF No. 11).)  More specifically, Plaintiff's claims failed as a matter of law because: (1) they were moot; (2) there is no protected property interest in parole or parole consideration to support a due process claim; (3) questions of California law (with respect to whether Cal. Code Regs. tit. 15, § 3491(b)(3) was properly construed by the California Department of Corrections and Rehabilitations) were not properly before this Court; (4) Plaintiff's parole eligibility allegations did not support an equal protection claim where there is a rational basis for statutory differences related to parole for sex offenders; and (5) Plaintiff identified no facts or law implicating the Fifth or Eighth Amendments.  (*See* ECF No. 11 at 3–5.)  Moreover, in addressing Plaintiff's objections to the findings and recommendations and his subsequently-filed amended complaint, the Court found the proposed amended complaint also failed as a matter of law because: (1) Plaintiff failed to name any proper defendants; (2) the amended allegations did not cure the previously-identified deficiencies in Plaintiff's claims; (3) Plaintiff attached documentation showing he was accorded appropriate due process with respect to parole consideration; (4) Plaintiff's new claim based on medical care indicated improper venue; and (5) there is no protected interest in the processing of prison grievances to support a due process claim.  (*See* ECF No. 16 at 2.)  In sum, there are no valid grounds on which an appeal can be based, given that none of the arguments Plaintiff made to this Court would be non-frivolous if made again on appeal.

1   Based on the record before it, the Court finds and certifies that any appeal taken from its
2   July 15, 2021 Order dismissing Plaintiff's action (ECF No. 16) is frivolous and not taken in good
3   faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Hooker*, 302 F.3d at 1092;
4   *Neitzke*, 490 U.S. at 325.  Accordingly, Plaintiff's IFP status is hereby REVOKED.

5   The Clerk of the Court is directed to notify Plaintiff and the Ninth Circuit of this Order
6   forthwith.  *See* Fed. R. App. P. 24(a)(4).  Plaintiff may file a motion for leave to proceed IFP on
7   appeal in the Ninth Circuit within thirty (30) days after service of notice of this Order.  *See* Fed.
8   R. App. P. 24(a)(5).  Any such motion "must include a copy of the affidavit filed in the district
9   court and the district court's statement of reasons for its action."  *Id.*

10   IT IS SO ORDERED.

11   Dated:  August 26, 2021

_____
Troy L. Nunley
United States District Judge

3